## Commonwealth v. Smith

*William T. Windsor*, assistant district attorney, for Commonwealth.

*W. Roger Fetter*, for defendant.

FORTNEY, P. J., August 15, 1950.—Defendant was arrested and charged with a violation of The Vehicle Code. The specific offense laid in the information is "reckless driving". Defendant elected to waive the preliminary hearing before the justice of the peace and

entered bail for his appearance before the court. The case was called for hearing July 17, 1950, at which time counsel for defendant, contending the information was insufficient, made a motion to quash. Due to the fact that counsel was from an adjoining county and a number of witnesses were present, we reserved ruling on this motion and directed that the hearing proceed on the merits, without prejudice to defendant to have a ruling on his motion.

The information in the instant case states defendant "did unlawfully operate aforesaid motor vehicle on a public highway, within said boro, county and state, in that he did then and there operate said vehicle in a reckless manner, thus causing an accident at the intersection of Stanton Ave., and Center St., contrary to the Act of Assembly, as set forth in Sub-Sec. A, Sec. 1001, Article 10 of the Act of May 1, 1929, P. L. 905, as amended".

Section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, defines reckless driving to include the following:

"Sub-section (a) : Any person who drives any vehicle . . . upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

The question for determination is the sufficiency of the information on a summary conviction charging reckless driving. Defendant's contention that the information is defective, when summarized, is to the effect the information does not contain all the elements of the offense.

The well established rule in this regard is that the essential elements of the offense must be set forth in common parlance in the information. The criminal act constituting the offense must be averred. If that be done, the information is sufficient; otherwise, it is not,

and should be quashed: Commonwealth v. Smith, 57 D. & C. 396. An application of the above rule leads us to the conclusion that the information in the present case is insufficient. There are three distinct elements, any one of which may be considered as a violation of this particular charge. The first is that: "Any person who drives any vehicle . . . upon a highway carelessly and wilfully", is guilty of reckless driving. This information does not come within this particular charge because neither the word "carelessly" nor "wilfully" is used. The second charge is "wantonly disregarding the rights or safety of others". This does not appear in the language of the information and that cannot be the charge which is intended by this information. The third is "in a manner so as to endanger any person or property". This particular language is likewise not used in the information. The information states that there was an unlawful operation of the motor vehicle, which, of course, would not necessarily apply to the charge of reckless driving, because an unlawful operation might be at an excessive rate of speed or driving on the wrong side of the road, or any other violation of the various provisions of the act which, if specifically committed, that particular section of the act is applicable and not the one of reckless driving.

A driver may have an accident with another vehicle when he is using his utmost effort to avoid injury or danger to others or their property, and that is all that is averred in this information, such as may have been the case here: Commonwealth v. Fye, 40 D. & C. 508.

It follows that essential elements of the offense do not appear in the information. Hence, the following

### Order

And now, to wit, August 15, 1950, the motion to quash the information is sustained. Defendant is discharged; county to pay the costs.